GeeeN, Judge,
dissenting:
I entirely concur with the foregoing opinion up to a point near the close thereof where the provision in the deficiency appropriation bill which brings this case before us is construed. Thereafter I am constrained to dissent.
With the exception of a few cases that come before us by virtue of special bills and which need not be considered here, the jurisdiction of this court extends to two classes of claims: One class consists of claims which are referred to us by the action of one or both branches of Congress with directions to find the facts therein and report back to that body. With reference to this class, the action and opinions of the court are merely advisory. The court has no authority to render judgment and there is no final determination of the case. In the other class, which is by far the more numerous, the claimant has the right under statutory provisions to begin a suit in this court against the United States, and the court has authority to proceed to judgment with reference to this class of cases. In the statutory provisions that control the proceedings and define the authority of this court, we find the following as a part of section 287 of United States Code, Title 28, page 900, with reference to the Court of Claims:
“ The judgment of said court [Court of Claims] or of the Supreme Court of the United States, upon review of the decision of the Court of Claims as provided in section 288 of this title as to the amount due, shall be binding and eon-elusive upon the 'parties.” (Italics mine.)
*503 And further, section 288 (c)' provides:'
“All judgments and decrees of the Court of Claims shall be subject to review by the Supreme Court as provided in this section, and not otherwise.” (Italics mine.)
The majority opinion shows that the Supreme Court in decision after decision for nearly three-quarters of a century has held that the judgments of this court rendered in this class of cases, over which it is given by statute general jurisdiction, and which it is -authorized to determine, are final and conclusive upon all parties. The majority opinion also shows that in numerous decisions the Supreme Court has held that parties to these actions have the right to appeal to the Supreme Court, at the same time also holding that no right of appeal exists where the judgment is not final and conclusive but subject to review by some other officer or tribunal. I think it is sufficient answer to the contention that Ex Parte Bakelite Corporation, 279 U. S. 438, holds in effect that this court has no power to render final judgments against the United States, that if this construction be placed upon the opinion in that case it would overrule decisions of the Supreme Court too numerous to be cited herein and hold that the statutory provisions above set forth were of no force and effect without even a reference thereto. For such a proposition, few lawyers would contend.
The case of the Pocono Pines Assembly Hotels Company v. United States was one in which this court had general jurisdiction and in which its judgment was final and conclusive. As to this premise, I do not understand the attorneys for the Government make any contention. The prevailing opinion is based wholly upon the construction which the majority put upon the provision of the deficiency appropriation bill which brings the case before the court.
If this act provided that the elaim of the Poeono Pines Hotels Company should be referred to us a very different question would arise,' but the provision under which we are proceeding recites—
“ The ease of the Pocono Pines Assembly Hotels Company against United States of America, Number J-543 be, and hereby is; T&QTbOjnclsd to the United States Court of Claims *504 with complete authority, the statute of limitations or rule of procedure to the contrary notwithstanding, to hear testimony as to the actual facts involved in the litigation and with instructions to report its finding of facts to Congress at the earliest practicable moment.” (Italics mine.)
S I am unable to see how this provision could be more explicit. It says “the case.” What case? The case of the “ Pocono Pines Assembly Hotels Company against United States of America, Number J-543 ” which “ is remanded ”— ^not simply referred to the court but remanded. In this case pleadings have been filed, issues joined, evidence heard, findings made, and a judgment rendered. It ought to be plain that nothing can now be done that will in any way alter these proceedings and the judgment of the court, or substantially affect the rights of the plaintiff in any manner. It is urged on behalf of the Government that the act under which we are proceeding may be so construed as to leave the judgment in case No. J-543 undisturbed and the rights of the petitioner or plaintiff entirely unaffected. The majority opinion holds that such was the intention of Congress and therefore upholds the contention made on behalf of the Government.
To construe the act so that the word “ case ” shall mean “ claim,” and the word “ remanded ” shall mean “ referred,” and the “ case of the Pocono Pines Assembly Hotels Company against United States of America, Number J-543,” shall apply to some other case, is to reform the act by judicial construction. It takes out two words, substitutes others, and holds that the words “ the case of the Pocono Pines Assembly Hotels Company against United States of America, Number J-543,” actually mean a different case entitled “ Congressional Reference No. A”; and that although the act requires the testimony to be taken as to the actual facts involved in the case heretofore litigated, it means simply that this court is to take testimony in another case not affecting the validity of the judgment already rendered and to report these facts to Congress. By so doing the common, plain, ordinary, and generally accepted meaning of words is distorted until we have an altogether different provision from the one enacted by Congress.
*505 It is a well-settled principle with reference to the construction of legislative acts that where a statute is ambiguous or doubtful in meaning an effort should be made to ascertain the intent of the legislature enacting it, but that this rule applies only where the provision is ambiguous in its meaning. If the language is clear and unambiguous, the courts have no power to give it another meaning in construing the act. I am strongly of the opinion that the language in this case is not only clear but could not have been made more clear than as it now stands. It is urged that the intention of Congress not to interfere with the former judgment is shown by the fact that as the amendment was originally drawn it required the court to grant a new trial, which would have had the effect to set aside the former judgment, but that this provision was stricken out of the amendment as finally adopted, and that this shows that Congress had no intention to interfere with the judgment. With this I am unable to agree. We do not know the reason for striking out this provision, although possibly we may assume it was because it was manifestly unconstitutional, but it made no change in the provision that the case <1-543 was remanded to us, and that we were directed to take evidence therein and make new findings of fact. The proceedings were still to be had in the case of the Pocono Pines Assembly Hotels Company. The question of whether the provision as finally adopted is constitutional must be determined by the language of the act and not from what we surmise was in the minds of the Members of Congress, but not expressed by the provision enacted.
I think there are many reasons that could be given to support this as a conclusion, but I shall state only two, either one of which appears to me to be quite sufficient.
In the case of United States v. Klein, 13 Wall. 128, 144, 146, referred to in the majority opinion, it appeared, as was shown by the quotations set out therein, that Congress had passed an act which in the language of the Supreme Court could not bes sustained “ without allowing that the legislature may prescribe rules of decision to the Judicial Department of the Government in cases pending before it.” This, the Supreme Court said, could not be.constitutionally done, *506 and it therefore held the act of Congress invalid. Subsequently the Court of Claims, in the case of Witkowski v. United States, 7 C. Cls. 398, 397, in a decision from which no appeal was taken, held that the same act was unconstitutional “ because it interferes with the proper administration of justice in the judicial department of the Government.” The provision which we are now considering appears to me to go much farther. I By it the court is required to reopen the case, take new evidence, although it has heretofore held that the case was closed, and to make' new findings of fact in accordance with all the evidence. Whether this includes the evidence heretofore taken, or simply means all the evidence that the court can now obtain is immaterial. Upon this evidence the court is required to make new findings, although the court has heretofore made findings in this case and these findings were, by order of court following the usual form, made fart of the judgment rendered therein. If other findings are made we will then have the case with two findings of fact. As the former findings were part of the judgment, it seems clear to me that the requirement to make new findings in the case not only conflicts with the judgment heretofore rendered, but overrules it arid sets it aside. I think it clear that an act which has such an effect is unconstitutional.
As further sustaining the construction of the act which I have placed upon it, it will be observed that the act which we are considering provided that we should hear testimony and make findings of fact notwithstanding “ the statute of limitations or'rule of procedure to the contrary.” If the case was a mere reference 'of the claim to us to make findings of fact thereon, the statute of limitations would have no application, nor would the rules of procedure with reference to rehearings. Such provisions would only apply in event the case itself was remanded for further consideration, and if it were permissible to go into the intent of yCongress I think this shows that its intent was just exactly what is required by the first clause of the provision, namely, to remand the case, and this is just what in my opinion ^ Congress did.
*507 There is another reason why the act under consideration appears to me to be unconstitutional and that is that it deprives the petitioner and plaintiff of vested rights. The findings of fact and judgment heretofore entered in the case were, as above stated, final and conclusive. The plaintiff’s right thereto is practically unquestioned. Such being the case, it appears to me that any act of Congress .which deprives it of the force and effect of the judgment heretofore rendered in the case can not be constitutional. But this act in effect annuls the former findings of fact. Under it the petitioner and plaintiff may be required to come before a commissioner and again present its evidence or, in default of so doing, have findings of fact made without any evidence introduced on its part, notwithstanding the case has been closed and a judgment making findings of fact already rendered. This, it seems to me, clearly deprives the petitioner and plaintiff of its vested and constitutional rights acquired by the judgment heretofore rendered.
An act of Congress should not be lightly set aside, nor should a conclusion be reached that it is unconstitutional in doubtful cases. Where the statute under consideration is ambiguous and a meaning can be given to it which would make it constitutional, that meaning should be adopted, but to me the provision under consideration is not ambiguous and I have no doubt as to its meaning.
For the reasons above stated I am unable to concur in the opinion of the majority and am forced to the conclusion that the act under consideration was unconstitutional and invalid, and for that reason we should proceed no farther with the case except to vacate the order made referring the case to a commissioner to take evidence therein.
Whaley, Judge, concurs in the foregoing dissenting opinion by Judge Green.